

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/30/2018

| | | |
|---|---|---|
| IN RE: § | | |
| SAIRA M ALI; aka ALI; aka ALI; aka § | | CASE NO: 17-30413 |
| HUSSAIN § | | |
|     Debtor(s) § | | |
| § | | CHAPTER 7 |
| § | | |
| DANA LEE § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | | ADVERSARY NO. 17-03231 |
| § | | |
| SAIRA M ALI § | | |
|     Defendant(s) § | | |

## MEMORANDUM OPINION

Dana Lee initiated an adversary complaint alleging that Saira Ali is personally liable for certain non-dischargeable debts incurred by Urban Retreat Enterprises, Inc. Ali filed a no-evidence motion for summary judgment contesting her personal liability under the sanctions order because of a lack of personal jurisdiction. The Court denies Ali's motion for summary judgment. At the final pretrial conference in this adversary proceeding, the parties announced that there were no disputed factual issues for trial. Accordingly, the Court issues a final judgment based on the uncontested facts.

Ali is personally liable for the Harris County Court's Sanctions Order.

### Background

Saira Ali is the owner and shareholder of Urban Retreat, which operated a luxury spa in the Houston area. (ECF No. 1 at 3). Ali contacted an acquaintance, Dana Lee, who owns an advertising company, to "create and administer a multi-faceted advertising platform." (ECF No. 1 at 3). Urban Retreat and Lee entered into a contract and launched an advertising campaign that

lasted nearly three years. (ECF No. 1 at 3). However, when Lee sent invoices requesting payment for her services, neither Urban Retreat nor Ali responded. (ECF No. 1 at 3–4).

Lee filed suit on sworn account on August 3, 2015, in Harris County Court at Law No. 1 or, in the alternative, quantum meruit in order to recover the money owed for her services. (ECF No. 1 at 4). Neither Urban Retreat nor Ali responded to the suit, resulting in a default judgment entered by the Harris County Court on December 15, 2015, in Lee's favor for $8,243.57. (ECF No. 1 at 5).

In order to collect on the judgment, Lee sent discovery requests to Urban Retreat and Ali personally to determine whether money was transferred from Urban Retreat to Ali while Urban Retreat was insolvent. (ECF No 1 at 5). After receiving no response despite personal service on both Urban Retreat and Ali, Lee filed a motion to compel discovery with the Harris County Court. (ECF No. 1 at 6). On May 11, 2016, the Harris County Court issued a conditional order requiring that Ali (personally) either comply with the discovery request within 14 days or be held jointly and severally liable along with Urban Retreat for $6,000.00 in sanctions. (ECF No. 1 at 6).

After a series of hearings in which Urban Retreat's counsel eventually appeared in the Harris County Court, Ali provided some documents that Lee alleges were non-responsive to her discovery request. (ECF No. 1 at 6). Lee filed a motion to hold Ali in contempt of court for failing to fully comply with the May 11 order. The Harris County Court scheduled a show cause hearing; before the hearing occurred, Ali filed for chapter 7 bankruptcy on January 27, 2017, which halted the county court action. (ECF No. 1 at 7).

Ali listed Lee on her bankruptcy schedules as an unsecured creditor owed $14,243.57 and categorized the debt as a "law suit." (Case No. 17-30413, ECF No. 1 at 29). Lee then initiated

this adversary proceeding, alleging that the Harris County Court's sanctions award of $6,000.00 is a non-dischargeable debt against Ali under 11 U.S.C. § 523(a)(6). (*See generally* ECF No. 1). Ali filed a no evidence motion for summary judgment seeking to establish that, as a matter of law, she is not liable for the sanctions judgment because the Harris County Court lacked personal jurisdiction over her when it entered its order. (ECF No. 10 at 6).

## Jurisdiction

The United States District Court for the Southern District of Texas has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). FED. R. BANKR. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate the absence of a genuine dispute of material fact by establishing the absence of evidence to support an essential element of the non-movant's case. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Ben-Levi v. Brown*, 136 S. Ct. 930 (2016). Nevertheless, the Court is not obligated

to search the record for the non-moving party's evidence. *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1715 (2016).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact. FED. R. CIV. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court should not weigh the evidence. *Wheat v. Florida Par. Juvenile Justice Comm'n*, 811 F.3d 702, 713 (5th Cir. 2016). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. FED. R. CIV. P. 56(c)(2). Moreover, the Court is not bound to search the record for the non-moving party's evidence of material issues. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

## Analysis

*No Evidence Summary Judgment Motion Standard*

Ali's motion for summary judgment was titled a "no evidence" motion for summary judgment. (ECF No. 10 at 1). This version of summary judgment applies when the party moving for summary judgment does not bear the burden of proof at trial. *See* FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, a no evidence motion for

summary judgment is inapplicable to Ali's case.  A court's orders are generally *presumed valid*; therefore, the burden of establishing that the Harris County Court's order was invalid rests with Ali.  *See Lowman v. Falsetti*, 335 F.2d 632, 639 (5th Cir. 1964) (holding "a judgment of a domestic court of general jurisdiction, rendered in the exercise of its usual powers, and regular on its face, imports absolute verity.").  Accordingly, it is impossible for Ali, as the party bearing the burden of proof at trial, to rely on a no evidence motion for summary judgment.

*Personal Jurisdiction*

Nevertheless, if the Court ignores the procedural flaw in Ali's argument, the outcome is apparent.  Ali alleges that the Harris County Court lacked personal jurisdiction to enter a sanctions order against her because she was never individually subpoenaed as required to establish personal jurisdiction under the Texas Rule of Civil Procedure 205.1.  (ECF No. 10 at 5).

This argument is a misstatement of Texas law.  Under the Texas Rule of Civil Procedure,

> A party may compel discovery from a *nonparty—that is, a person who is not a party or subject to a party's control*—only by obtaining a court order under Rules 196.7, 202, or 204, or by serving a subpoena compelling:
>
>   (a) an oral deposition;
>   (b) a deposition on written questions;
>   (c) a request for production of documents or tangible things, pursuant to Rule 199.2(b)(5) or Rule 200.1(b), served with a notice of deposition on oral examination or written questions; and
>   (d) a request for production of documents and tangible things under this rule.

TEX. R. CIV. P. 205.1 (emphasis added).  Rule 205.1 only applies to nonparties.  *Id*.  As a shareholder, owner, and president of Urban Retreat[1], Ali falls within Urban Retreat's control.  *See In re Williams*, 328 S.W.3d 103, 112–13 (Tex. App.—Corpus Christi 2010) (holding that

---

[1] *See Our Beauty Q&A with Owner-President Saira Ali*, (January 30, 2013), http://www.urbanretreat.com/blog/2013/01/30/saira-ali-interview/ (last visited January 27, 2018).

president involved in a company's management was under the company's control). Accordingly, no subpoena was required for the Harris County Court to compel Ali's discovery response or issue its corresponding sanctions order for her noncompliance.

*Due Process Concerns*

Although Ali's motion for summary judgment did not raise the issue of due process, the Court considers this issue in the interest of equity. "The imposition of very severe sanctions is limited . . . by constitutional due process." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). In turn, due process requires that parties have sufficient knowledge and notice of a pending action to defend themselves. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).

Due process has been provided to Ali in this case. Ali admits that on August 23, 2016, her counsel appeared in Harris County Court where "Lee's counsel drafted a Rule 11 agreement for [Ali's attorney] to sign as 'Attorney for Urban Spa.' . . . [Ali's attorney] signed the agreement." (ECF No. 10 at 3). Although Ali claims that the attorney was acting solely as Urban Retreat's attorney at the hearing, the due process issue is one of notice. Ali controlled Urban Retreat; her personal attorney was given notice (a notice that he signed) of an order compelling Ali *personally*. These happenings were sufficient to provide Ali with notice of the conditional sanctions. Additionally, Lee presented a significant amount of evidence regarding the notice Ali was provided. Every discovery request, court action, and demand was delivered via mail to Ali advising her of the proceeding and her need to respond to them. (*See generally* ECF No. 11-1 at 57–107). Ali was even personally mailed (and she received) the Harris County Court's conditional sanctions order. (*See generally* ECF No. 11-1 at 57–107). There is thus no question that due process concerns have been satisfied in this case.

*Personal Liability*

Having addressed Ali's argument regarding whether the Harris County Court possessed sufficient personal jurisdiction to issue its sanctions order, the Court considers whether the sanctions order is dischargeable through Ali's bankruptcy case.

The Bankruptcy Code specifically excepts certain items from a debtor's discharge, including debts owed "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Fifth Circuit has held that state court sanctions for abuse of discovery fall within the "willful and malicious injury" discharge exception listed in 11 U.S.C. § 523(a)(6) because they consist of violations of court orders and impose delay and extra costs on opposing parties. *See In re Keaty*, 397 F.3d 264, 273 (5th Cir. 2005); *In re Scarborough*, 836 F.3d 447, 453–54 (5th Cir. 2016).

The Harris County Court issued its conditional sanctions order stating that "If Urban Retreat and Saira Ali do not respond within 14 days, Defendant Urban Retreat and Defendant's owner Saira Ali, *jointly and severally, shall pay* Plaintiff's additional costs and fees for bringing this motion, in the sum of $6,000." (ECF No. 10-1 at 2) (emphasis added). The Harris County Court held Ali personally responsible for the discovery violations. As a result, the violations fall within the willful and malicious discharge exception listed in 11 U.S.C. § 523(a)(6) and Ali remains liable despite her bankruptcy filing.

## Conclusion

The Court will enter a judgment consistent with this Memorandum Opinion.

SIGNED **January 30, 2018.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE